# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GORDON R. SCHILLING,**                    **CASE NO. 2:07-cv-302**
                                            **JUDGE SMITH**
      **Petitioner,**                      **MAGISTRATE JUDGE KEMP**

**v.**

**T. BRUNSMAN, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court pursuant to its own motion under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

According to the petition, this action involves petitioner's November 28, 1988, conviction on drug abuse in the Delaware County Court of Common Pleas. Petitioner was sentenced to two years incarceration. On October 25, 1989, the Fifth District Court of Appeals affirmed the judgment of the trial court. On August 23, 1989, the Ohio Supreme Court dismissed petitioner's subsequent appeal.

Almost eighteen years later, on April 10, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges the 1988 conviction is invalid under the Constitution of the United States based upon the following grounds:

> 1. Prosecution and officers withheld subpoenaed information that would have proven that the inventory procedures did not state that

closed containers could be opened.

2. Schilling was never placed under arrest until the investigatory search of his vehicle and person was conducted then later the officers classified as inventoring [sic] even though this was against procedures.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's judgment became final in 1989, prior to the effective date of the AEDPA. Therefore, he had one year from the effective date of the AEDPA, or until April 24, 1997, to file his habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *overruled on other grounds by Cowherd v. Million,* 380 F.3d 391, 393 (6th Cir. 1999). He failed to do so. Further, petitioner has failed to alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003).

Petitioner makes some reference in his petition to the fact that he is "in effect" in custody pursuant to the 1988 conviction because it had some type of impact on his current sentence, even though the sentence on the 1988 conviction has long since been served. Such allegations may well satisfy the "in custody" requirement of 28 U.S.C. §2254, *see Lackawanna Co. Dist. Atty. v. Coss*, 532 U.S. 394 (2001), but that is not the sole issue here. Even assuming that the statute of limitations would not have run with respect to petitioner's most recent conviction and sentence (and the Court cannot determine from the petition when that conviction became final or even if petitioner has exhausted available state remedies), *Coss* held that a prior conviction which may no longer be challenged directly is generally immune from an indirect challenge as well. "If [the prior] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 or the ground that the prior conviction was unlawfully obtained." *Id.*, at 403-04. The only exception is if the challenge is based upon "a failure to appoint counsel in violation of the Sixth Amendment...." Petitioner's challenge is not based on that ground and therefore is barred by *Coss*. The Court does not believe that any other possible exceptions to *Coss* would apply here. *Cf. Abdus-Samod v. Bell*, 420 F.3d 614 (6th Cir. 2005).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge