**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GORDON R. SCHILLING,**                         **CASE NO. 2:07-cv-302**
                                                 **JUDGE SMITH**
       **Petitioner,**                           **MAGISTRATE JUDGE KEMP**

**v.**

**T. BRUNSMAN, Warden,**

       **Respondent.**

## OPINION AND ORDER

On April 20, 2007, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).  Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* and requests to supplement his petition with references to his prior cases references.  *See Objections*.  Petitioner's request to supplement his petition with such references is **GRANTED**.  Petitioner's objections, however, for the reasons that follow are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED** and this action is hereby **DISMISSED.**

Petitioner states that he is raising, in addition to the two claims referred to by the Magistrate Judge, all of the allegations he raised in the Fifth District Court of Appeals, *i.e.*, "ineffective [assistance] of counsel, violation of due process, violation of Fourth Amendment rights, sentence[d] outside O.R.C. sentencing guidelines, arrest[ed] ... without probable cause, violations of O.R.C. to allow [illegible] check of evidence." *See Petition*, at 3.  Petitioner also now asserts that he was

denied counsel and that his 1988 conviction improperly was used to enhance a later sentence. Petitioner asserts that he is actually innocent, and that this action is timely under *Lackawanna Co. Dist. Atty. v. Coss*, 532 U.S. 394 (2001), referred to in the Magistrate Judge's *Report and Recommendation*. *See Objections*.

None of the additional claims referred to by petitioner were raised by him in his initial habeas corpus petition. This Court does not ordinarily permit habeas corpus petitioners to amend the petition with new claims by filing objections to the Magistrate Judge's *Report and Recommendation*. Additionally, petitioner has failed to provide any specificity regarding his sentence which allegedly was improperly enhanced based upon his 1988 conviction. In any event, permitting petitioner now to raise the additional claims he refers to does not render this action timely. As discussed by the Magistrate Judge, the statute of limitations expired on April 24, 1997. Petitioner nonetheless waited until April 10, 2007, to file his habeas corpus petition. For the reasons discussed by the Magistrate Judge, neither *Coss* nor any possible exceptions to *Coss* apply so as to make this action timely. The record reflects that petitioner was convicted in 1988 on drug abuse after a jury trial wherein he was represented by counsel. Further, although actual innocence may justify tolling the running of the statute of limitations, *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005), the record fails to reflect that petitioner's actual innocence warrants equitable tolling of the statute of limitations in this case.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence

> in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [FN5] *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90. Petitioner cannot meet this standard here.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**IT IS SO ORDERED.**

    /s/ George C. Smith
GEORGE C. SMITH
United States District Judge